IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2200-FL

| | |
|---|---|
| BILLY LAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ALVIN KELLER, JR., ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the motion for summary judgment (DE # 10) pursuant to Federal Rule of Civil Procedure 56 of respondent Alvin Keller ("respondent"), to which petitioner responded. Also before the court are petitioner's motion for summary judgment (DE # 5) and motion to amend (DE # 13). Respondent did not respond to petitioner's motions. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants petitioner's motion to amend, grants respondent's motion for summary judgment, and denies petitioner's motion for summary judgment.

## STATEMENT OF THE CASE

On October 17, 2011, petitioner, a state inmate, filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2254, challenging the results of his July 18, 2011, disciplinary conviction. Petitioner also challenges the ten dollar ($10.00) administrative fee assessed for his disciplinary infraction. Petitioner subsequently filed a motion for summary judgment, to which respondent did not respond.

On February 9, 2012, respondent filed a motion for summary judgment, arguing that the petition should be dismissed because petitioner failed to exhaust his state court remedies prior to bringing this action. Alternatively, respondent argues that petitioner's disciplinary conviction does not violate petitioner's constitutional rights. The matter was fully briefed. On March 1, 2012, petitioner filed a motion to amend his petition.

## STATEMENT OF FACTS

On July 9, 2011, petitioner was charged with provoking an assault on a staff member (B-13) and disobeying a direct order (C-03). Resp't's Mem. Ex. 1, p. 9. The summary from petitioner's July 18, 2010 disciplinary hearing provides:

> This hearing was conducted via conference Mr. Marion served as the staff witness.
>
> Disciplinary and inmate rights explained to inmate Land. Inmate Land pled not guilty to the C-03 charge. Inmate Land did not request staff assistance. Inmate Land requested Mr. Watson, Officer Ward and Officer Lewis to be present at the hearing. Due to the inmate being transferred to another facility this [disciplinary hearing officer] spoke with the live witness during the hearing via the tel[e]phone.
>
> Summary of the facts of the case are as follows: On 07/08/11 Mr. Ward states that the dorm was closed due to waxing of the floors. Mr. Watson states that while he was at the front desk speaking with offi[c]er Ward[,] inmate Land entered the dormitory and started using the phone.
>
> Officer Ward told inmate Land he could not use the phone. Inmate Land then began to question why he could not use the phone. Inmate Land was told that the dorm was closed. Inmate Land immediately walked up within one step of Mr. Watson and raised his voice to question why he could not use the phone. Inmate Land raised his hands up to his sho[u]lders with [h]is arms extended out and stated in a loud voice I'm not scared. Inmate Land was ordered to step back. Inmate Land was ordered several times to leave the dorm to which he failed to comply.

> Officer Lewis states he was working the yard, when he heard Mr. Ward radio for an officer to come to the dorm. As Officer Lewis approached he heard inmate Land yelling at Mr. Watson. Officer Lewis then placed him in handcuffs and escorted him to the TOR room.
>
> Inmate Land states that he did not use the phone he only went to the dorm to ask if he could use the phone. He state[s] he was never on the phone never raised his voice. He also states that he was never asked to leave the dorm.
>
> Based upon the reporting party's statement and the investigating officer['s] report a finding of guilty is being entered for the C-03 charge and the B-13 charge is being dismissed due to the lack of evidence to support the charge.

Resp't's Mem. Ex. 1, p. 5.

Following petitioner's conviction for the C-03 disciplinary offense, the Disciplinary Hearing Officer sanctioned petitioner with the following: (1) thirty (30) days of segregation: (2) twenty (20) days disallowance of good-time credit; (3) thirty (30) hours of extra duty; (4) sixty (60) days of limited review for canteen; (5) sixty (60) days suspension of visitation and telephone privileges; (6) demotion to minimum 1; and (7) a ten dollar ($10.00) administrative fine. Id. p. 1.

## DISCUSSION

A.  Petitioner's Motion to Amend

Petitioner seeks leave to amend his petition to supplement his allegations. For good cause shown, petitioner's motion is GRANTED. See Fed.R.Civ.P. 15(a).

B.  Summary Judgment

   1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden

of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

   a. Exhaustion of State Court Remedies

Respondent asserts that petitioner failed to exhaust his North Carolina State court remedies prior to bringing this action. The court, however, finds it appropriate in this action to proceed on the merits pursuant to 28 U.S.C. § 2254(b)(2), which provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State." Thus, the court proceeds to the merits of this claim.

   b. Administrative Fee

Petitioner challenges the ten dollar ($10.00) administrative fee assessed for his disciplinary charge. Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner's claim for monetary damages in connection with his ten dollar ($10.00) administrative fee does not fall within the relief allowed pursuant to § 2254(a). Rather, in order to recover monetary or injunctive relief based upon the payment of the administrative fee, petitioner must seek relief through a civil rights action under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Land v. Beck, 22 F. App'x 327 (4th Cir. 2001); Perkins v. Sauvaine, No. 6:12-1085-TMC-JDA, 2012 WL 2874043, at *4 (D.S.C. June 1, 2012) ("Habeas corpus cannot be used to

challenge a conviction that resulted only in a cash fine against the defendant.") (citing Wright v. Bailey, 544 F.2d 737 (4th Cir. 1976)). Based upon the foregoing, petitioner is not entitled to habeas relief for monetary damages in connection with his administrative fee.

      c.      C-03 Disciplinary Conviction

Petitioner also alleges that the disciplinary proceeding violated his rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution because it resulted in the loss of good-time credit. The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974).[1] Under the Wolff standard, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four (24) hours in advance of the hearing; (2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564-566. Additionally, the findings of a prison disciplinary board must be supported by some evidence in the record, Walpole v. Hill, 472 U.S. 445, 454-55 (1985), and be made by an impartial adjudicator. Wolff, 418 U.S. at 570-71.

Decisions by a disciplinary board to revoke good-time credits pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985). Federal courts will not review the accuracy of the disciplinary hearing officer's fact finding de novo or for clear

---

[1] The court notes that petitioner's administrative fee or fine does not fall within Wolff. See Lenzy v. Lewis, No. 5:10-HC-2141-FL, 2011 WL 3664405, at *3 (Aug. 18, 2011), appeal dismissed, 466 F. App'x 264 (4th Cir. Feb. 16, 2012).

error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [disciplinary hearing officer]." Id. (quotation omitted). The record of a prison disciplinary hearing need not establish reliability of a confidential informant to meet the "some evidence" standard. Baker, 904 F.2d at 933.

In this case, Officer Ward testified at petitioner's disciplinary hearing that petitioner became upset when he informed him that he could not use the phone in the dormitory, which was closed. Specifically, Officer Ward testified that in response be being told that he could not use the phone, petitioner "immediately walked up within one step of Mr. Watson [the Program Director] and raised his voice to question why he could not use the phone. Inmate Land raised his hands up to his shoulders with his arms extended out and stated in a loud voice that [he was] not scared." Resp't's Mem. Ex. 1, p. 5. Officer Ward further testified that petitioner refused to obey his direct orders to "step back" and to leave the dorm. Id. Officer Lewis additionally testified that petitioner was yelling at Officer Ward when he arrived on the scene and that he placed petitioner in handcuffs and removed him from the dorm. Id. Based upon the evidence presented at petitioner's disciplinary hearing, the disciplinary hearing officer found that petitioner was guilty of the C-03 offense. The court finds that this evidence satisfies the "some evidence" standard, and the Due Process Clause was not violated. See, e.g., Hill, 472 U.S. at 454–56; Baker, 904 F.2d at 932.

As for the remaining Wolff requirements, petitioner received advance written notice of the disciplinary charges and he received a written statement by the disciplinary hearing officer of the evidence relied on and the reasons for the disciplinary action. Thus, there is no due process violation. Based upon the foregoing, respondents' motion for summary judgment is GRANTED.

C.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondents are entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims

debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, petitioner's to amend (DE # 13) is GRANTED. Respondent's motion for summary judgment (DE # 10) is GRANTED. Petitioner's claim regarding his administrative fee is DISMISSED without prejudice. Because respondent's motion for summary judgment was granted, petitioner's conclusory motion for summary judgment (DE # 5) is DENIED as moot. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 21 day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge